Singh v. Barr

BIA
Poczter, IJ
A206 633 497

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand nineteen.

PRESENT:
>        REENA RAGGI,
>        GERARD E. LYNCH,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

JAGJIT SINGH,
>        *Petitioner,*

>        v.                                                17-819
>                                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:           Anas Jameel Ahmed,
                          Jackson Heights, NY

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General; Jessica E.
                          Burns, Senior Litigation Counsel;
                          Scott M. Marconda, Trial Attorney,
                          Office of Immigration Litigation,
                          United States Department of
                          Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jagjit Singh, a native and citizen of India, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") denial of Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jagjit Singh*, No. A206 633 497 (B.I.A. Feb. 23, 2017), *aff'g* No. A206 633 497 (Immig. Ct. N.Y. City July 12, 2016).

Under the circumstances, we have reviewed both the BIA's and IJ's decisions, *see Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) ("Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions . . . including the portions not explicitly discussed by the BIA."), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for

2

substantial evidence).  In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

"[A] trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . ., without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination, unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Applying these standards, we conclude that substantial evidence supports the agency's determination that Singh was not credible.

First, Singh's hearing testimony differed from his credible fear interview in nontrivial ways. For example, during his credible fear interview, Singh stated that he only suspected, but was not certain, who had attacked him because his attackers had hidden their faces. By contrast, at his hearing two years later, Singh testified that he was certain that his attackers were members of the Congress Party because "they were wearing clothes having symbol of Congress party on it." Certified Record on Appeal at 84. A witness's "silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78. Here, Singh was silent during his interview as to facts highly relevant to his identification of his assailants as persons acting on a protected ground. The agency, therefore, reasonably relied on this omission to find Singh not credible. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal citation and quotation marks omitted)).

4

Insofar as Singh faults the agency for relying on notes of his credible fear interview, we are not persuaded. "Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The notes in question meet this standard: they are typewritten, organized, contemporaneous, and summarize the questions asked and the answers given. *See id.* (finding notes of credible fear interview reliable because "proceeding was memorialized in a typewritten document setting forth the questions put to petitioner as well as her responses").

Additional inconsistencies reinforce the agency's adverse credibility determination. Singh testified that he had never been arrested in India, but a letter he submitted on the letterhead of his political party stated the opposite. He also claimed that he had not been interested in politics before 2009 (when he was 19), but an affidavit purporting to be from his neighbor stated that he had been interested in politics since childhood. Singh was unable to explain any of these discrepancies when given the opportunity. *Cf. Ming Shi Xue v. BIA*, 439 F.3d 111, 118 (2d Cir. 2006) (holding

5

that petitioner must be given "opportunity to address and explain" inconsistencies that are "not so dramatic as to be self-evident").

We also discern no reversible error in the IJ's determination that some of Singh's testimony was inherently implausible. Singh claimed that he would face political persecution if he returned to India because the Congress Party would find him no matter his location in the country. As the IJ noted, this is inconsistent with Singh's testimony that he remained unharmed in his own home for a year after the second assault, even though the Congress Party knew where he lived. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("[A]n IJ is entitled to consider whether the applicant's story is inherently implausible."); 8 U.S.C. § 1158(b)(1)(B)(iii).

Finally, Singh complains that the agency erred by relying on his inconsistencies because they were "minor." The REAL ID Act permits the agency to rely on "any" inconsistency, but the inconsistency must be considered in light of the totality of the circumstances, and "bear a legitimate nexus" to the finding of adverse credibility. *Hong Fei Gao*, 891 F.3d at 77 (internal quotation marks omitted). Applying this

standard, we identify no error. Singh's application was premised on two instances of persecution that occurred in the relatively recent past, and the inconsistencies that the agency relied on, particularly Singh's initial silence as to how he identified his attackers, went to the core of Singh's political persecution claim.

Accordingly, the totality of the circumstances, showing inconsistencies and implausibilities, supports the agency's adverse credibility determination.  This adverse credibility determination is dispositive of Singh's asylum, withholding of removal, and CAT claims because all three are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court